UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                    )
IN THE MATTER OF THE                )
APPLICATION OF THE                  )
ASSOCIATED PRESS; CABLE             )
NEWS NETWORK, INC.; THE NEW         )
YORK TIMES CO.; POLITICO LLC;       )   Misc. Action No. 18-0041 (ABJ)
AND WP CO., LLC, d/b/a THE          )
WASHINGTON POST FOR ACCESS          )
TO CERTAIN SEALED                   )
COURT RECORDS                       )
_____)
```

**ORDER**

Applicants in this case seek access to two sets of materials that are currently under seal in full or in part: 1) warrants, applications, supporting affidavits, and returns relating to all search, seizure, or Stored Communications Act warrants pertaining to what they call the Russia Investigation ("Warrant Materials"), and 2) transcripts of hearings and other judicial records in the pending case against Paul Manafort, Jr. in this court (the "Manafort Records"). *See United States v. Manafort*, No. 1:17-cr-00201-ABJ (D.D.C. Oct. 27, 2017).

The Court has reviewed the Warrant Materials sought in the application, including the affidavits in support of warrants and warrants that were supplied to Manafort in their entirety:

- *In the Matter of the Search of Information Associated With [Two Email Accounts]*, No. 17-mj-00612;

- *In the Matter of the Search of Hard Drive With Serial Number WXB1AA006666*, No. 17-mj-496; and

- *In the Matter of the Seizure of Funds from Accounts at Three Banks*, Nos. 17-mj-00783, 17-mj-00784, and 17-mj-00785;

and the affidavits and warrants that have not yet been revealed to Manafort in their entirety:

- *In the Matter of the Search of Information Associated with [Email Account]*, No. 17-mj-00611;

- *In the Matter of the Search of Information Associated with Five Telephone Numbers Controlled by AT&T*, No. 18-sc-609.

- *In the Matter of the Search of Information Associated with [Email Account] Stored at Premises Controlled by Apple*, No. 17-sc-01042.[1]

On May 29, 2018, the Court ruled on whether redacted materials in the second group of materials should be produced to Manafort. *See United States v. Manafort*, 17-cr-201-01-ABJ, Order [Dkt. # 312] on Def.'s Mot. to Compel Production of Unredacted Search and Seizure Warrant Affidavits. For the reasons stated in that order, given the ongoing nature of the criminal proceeding, IT IS ORDERED that the applicant's request that anything that has been withheld from Manafort be unsealed at the request of the applicants is DENIED at this time.

With respect to the affidavits that have been provided to Manafort in full and the redacted portions of the other materials that have been provided to Manafort, the Court notes that the records contain certain personal identifying details and financial details that should remain sealed, and there appear to be details about the identity of witnesses or information they have supplied for which a continuing seal is also justified. But it also appears that much of the content of these affidavits has been revealed to the public in indictments, superseding indictments, and other pleadings in the criminal case.

Therefore, the Office of Special Counsel is ORDERED to confer with counsel for Manafort and identify by July 13, 2018 any portions of the Warrant Materials that they agree may be

---

1   This warrant was not specifically listed in the application, but the application states that "[t]he Warrant Materials the Media Coalition seeks to unseal include, but are not limited to, all such materials produced to Manafort in the form produced to Manafort," Mem. of P. & A. in Supp. of Mot. for Public Access to Certain Sealed Court Records, [Dkt. # 1-1] at 8, and materials related to this warrant were provided to the Court by the Office of Special Counsel in the criminal case in connection with defendant's motion to compel. Def.'s Mot. to Compel Production of Unredacted Search and Seizure Warrant Affidavits [Dkt. # 242] in *United States v. Manafort*, 17-201-1-ABJ.

unsealed at this time, as well as any portions about which they have a difference of opinion. The Office of Special Counsel shall advise the Court of the parties' positions by providing in camera to chambers another set of copies of these affidavits with the material the parties seek to redact highlighted for the Court's convenience.[2]

    SO ORDERED.

                                                AMY BERMAN JACKSON
                                                United States District Judge

DATE:  July 9, 2018

---

[2] The Court has already received the two warrant affidavits included in the requested "Manafort Records" – the affidavit in support of the search of the storage unit and the affidavit in support of the search of the Alexandria residence – in this format, and they need not be provided again.