**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE ASSOCIATED PRESS; CABLE NEWS NETWORK, INC.; THE NEW YORK TIMES CO.; AND WP CO., LLC, d/b/a THE WASHINGTON POST FOR ACCESS TO CERTAIN SEALED COURT RECORDS | Case No. 1:18-mc-00041-ABJ |

<u>**MEDIA COALITION RESPONSE TO MINUTE ORDER OF JULY 5, 2018**</u>

Petitioners (the "Media Coalition"), through undersigned counsel, provide the following response to this Court's Minute Order of July 5, 2018 (the "Minute Order"):

**I.     The Media Coalition Seeks All of the Records Regarding Richard Gates Identified In Its Motion**

The Media Coalition continues to seek the unsealing of the documents referred to in its Motion as the "Manafort Records" – the documents filed under seal in the prosecution of co-defendants Paul J. Manafort, Jr. and Richard W. Gates, III, No. 1:17-cr-00201-ABJ.  The documents related to Gates that the Media Coalition seeks are those the Court identified in the Minute Order:

- The sealed document at Dkt. 167;

- The transcript of the January 22, 2018 hearing;

- The transcript of the February 7, 2018 hearing regarding the withdrawal request; and

- The sealed portion of the February 14, 2018 hearing.

*See* Mem. of Points and Authorities in Supp. of Mot. for Public Access to Certain Sealed Court Records at 8 ("Mem.") (Dkt. 1-1).   Pursuant to the Court's direction, counsel for the Media Coalition served copies of the Minute Order on Gates' counsel via email on July 5 and U.S. Mail on July 6, and received notification that counsel for Gates had opened the email on July 6.

**II.     The Media Coalition Seeks All Warrant Materials Related to Gates and Alex van der Zwaan**

Regarding both Gates and Alex van der Zwaan (No. 1:18-cr-0031-ABJ), the Media Coalition continues to seek all Warrant Materials (applications, supporting affidavits, and returns) related to those two defendants.  *See* Mem. at 7-8.  Unlike the Manafort prosecution, the Special Counsel's office has not identified by case number any warrant related to either Gates or van der Zwaan.  Accordingly, the Media Coalition cannot direct the Court to any specific warrants (and cannot determine how many, if any, exist).  However, to the extent warrants related to Gates and/or van der Zwaan have been issued and returned in this District, the Media Coalition respectfully requests that this Court order them to be unsealed for the reasons stated in its Memorandum and reply brief.

**III.    Recent Factual Developments Related To The Records Sought**

Finally, in light of the Minute Order and the Court's Order of July 9, 2018 (the "July 9 Order"), and with the understanding that the Court did not request additional argument, it appears appropriate to the Media Coalition to inform the Court of the following factual developments related to the records referenced in the Minute Order:

First, two individuals associated with Manafort, whose names may appear in at least some of the records at issue, have been publicly identified in court.  The superseding indictment of Manafort names as a co-defendant a former employee in Manafort's Ukranian operations, Konstantin Kilimnik – who, news media reports suggest, also was in communication with van der Zwaan.  Superseding Indictment, *United States v. Manafort*, No. 1:17-cr-00201-ABJ, filed June 8, 2018 (Dkt. 318).  Also, another former Manafort employee, Alexander Trusko, was identified in testimony at a June 29, 2018 hearing in the Eastern District of Virginia – and that court's opinion denying Manafort's suppression motion – as the person who rented the storage

unit subject to one of the searches which were also the subject of suppression motions in this Court.  *See* Memorandum Opinion at 2, *United States v. Manafort*, No. 1:18-cr-00083-TSE, filed July 9, 2018 (the "E.D. Va. Opinion") (Dkt. 114).[1]

Second, additional relevant information has been made public in the Manafort prosecutions in this Court and the Eastern District of Virginia.  Redacted versions of the warrant materials related to the searches of Manafort's home and storage unit have been unsealed in the Eastern District of Virginia, and a redacted version of the warrant for Manafort's residence was filed in this Court.  *See, e.g.*, Search and Seizure Warrant (Return), *In re Search of Premises Located at [Redacted]Alexandria, Virginia, 22314*, No. 1:17-sw-00449-TCB, filed June 26, 2018 (Dkt. 14); Exhibit 1, Notice of Submission, *United States v. Manafort*, No. 1:17-cr-00201-ABJ, filed July 9, 2018.  The unsealed versions of those warrant materials include information such as the names of financial institutions with which Manafort and/or his companies held accounts.  *Id.* at 3-5 (listing seized records from accounts at Capital One, M&T, Citibank, Wells Fargo, Hudson City Savings Bank, First Republic Bank, and Charles Schwab).  Further, on July 6, 2016, Manafort filed in open court documents containing further information about persons implicated in the investigation.  One such document is a letter from Manafort's counsel to the Special Counsel's office demanding the production of *Brady* and other potentially exculpatory material, specifically including records from the State Department and CIA regarding "Konstantin Kilimnic" [sic] and Phil Griffin, another former Manafort employee in Ukraine, as

---

[1] *See also, e.g.*, Katelyn  Polantz and Clare Foran, *Manafort court hearing dominated by leak accusations, FBI search questions and whether trial will move*, CNN (June 29, 2018), https://www.cnn.com/2018/06/29/politics/paul-manafort-court-hearing-trial-fbi-search/index.html; Rachel Weiner, *Special Counsel's team pushes back on Paul Manafort leak claims*, WASH. POST (June 29, 2018), https://www.washingtonpost.com/local/public-safety/he-is-so-in-debt-paul-manafort-fights-use-of-financial-records-at-trial/2018/06/29/0f7f6a38-7af1-11e8-93cc-6d3beccdd7a3_story.html.

well as information regarding the Podesta Group and Mercury Consulting, two firms that have been widely named in news media reports as being involved in Manafort's work for pro-Russian Ukranian politicians that also involved van der Zwaan. Exhibit 1 at 4, Suppl. Brf. in Supp. of Paul J. Manafort, Jr.'s Motion Regarding Improper Disclosures Relating to Confidential Grand Jury Information, Non-Public Information, False Information, and Potentially Classified Materials, *United States v. Manafort*, No. 1:18-cr-00083-TSE, filed July 6, 2018 (Dkt. 108-1). The court in the Eastern District of Virginia also noted that the storage unit warrant authorized seizure of records related to the Podesta Group. E.D. Va. Opinion at 6.

The Media Coalition believes that these revelations demonstrate both the public's need for access to these records to more fully understand the intertwined prosecutions of Manafort, Gates, van der Zwaan and Kilimnik, and that there is no longer sufficient justification for maintaining under seal much of the information in the warrants and records at issue.

Respectfully submitted,

Dated: July 11, 2018                    BALLARD SPAHR LLP


                                        By:    /s/ Jay Ward Brown

                                        Jay Ward Brown (D.C. Bar No. 437686)
                                        brownjay@balladspahr.com
                                        Matthew E. Kelley (D.C. Bar No. 1018126)
                                        kelleym@ballardspahr.com
                                        BALLARD SPAHR LLP
                                        1909 K Street, NW
                                        Washington, D.C. 20006-1157
                                        T: (202) 508-1136
                                        F: (202) 661-2299

                                        *Counsel for The Associated Press; Cable News
                                        Network, Inc.; The New York Times Co.; and
                                        WP Co., LLC, d/b/a/ the Washington Post*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of July, 2018, I caused the foregoing Media

Coalition Response to Minute Order of July 5, 2018 to be filed and served electronically via the

Court's ECF system upon counsel of record, as follows:

Robert S. Mueller III
Michael R. Dreeben
Andrew Weissmann
Adam C. Jed
U.S. Department of Justice
Special Counsel's Office
950 Pennsylvania Avenue, NW
Room B-103
Washington, DC 20530
(202) 616-0800

*Counsel for the United States of America*

Kevin M. Downing
Law Office of Kevin M. Downing
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 754-1992
kevindowning@kdowninglaw.com

Thomas E. Zehnle
Law Office of Thomas E. Zehnle
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 368-4668
tezehnle@gmail.com

*Counsel for Paul J. Manafort, Jr.*

I further certify that I caused the foregoing Media Coalition Response to Minute Order of

July 5, 2018 to be served via electronic mail and U.S. Mail on the following:

Thomas C. Green
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
(202) 736-8069
tcgreen@sidley.com

*Counsel for Richard W. Gates, III*

David Edward Mills
COOLEY, LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
(202) 776-2865
dmills@cooley.com

Laura Grossfield Birger
Nicholas Andrew Flath
William Jay Schwartz
COOLEY, LLP
114 Avenue of the Americas
46th Floor
New York, NY 10036
(212) 479-6079
lbirger@cooley.com
nflath@cooley.com
wschwartz@cooley.com

*Counsel for Alex van der Zwaan*

                                         */s/ Jay Ward Brown___*
                                        Jay Ward Brown